[Doc. No. 121]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
JANINE COSTANTINO,            :
                              :
        Plaintiff,            :
                              :
        v.                    :    Civil No. 13-6667 (RBK/JS)
                              :
CITY OF ATLANTIC CITY,        :
ET AL.,                       :
                              :
                              :
        Defendants.           :
_____:
```

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the letter application ("Def.'s App.") of the City of Atlantic City ("Atlantic City") requesting that the case be stayed because of the bankruptcy filing of co-defendant Caesar's Entertainment Corporation ("Caesar's"). [Doc. No. 121]. Having received notice that Caesar's filed a voluntary petition of bankruptcy, which triggered an automatic stay pursuant to 11 U.S.C. § 362(a), the Court administratively terminated Caesar's as a defendant without prejudice to the right of any party to argue the entire case should be stayed. See Jan. 26, 2015 Order [Doc. No. 120]. Plaintiff opposes Atlantic City's application ("Pl.'s Opp."). [Doc. No. 128]. The Court exercises its discretion not to hold oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the

1

reasons to be discussed, Atlantic City's application to stay the case is DENIED.

Background

In sum and substance, plaintiff alleges that on July 21, 2012, she was assaulted by security personnel and Atlantic City police officers at the Dusk nightclub in Atlantic City, New Jersey. Although Dusk is physically located inside the Caesar's hotel/casino, Dusk and Caesar's are separate legal entities. Plaintiff alleges the incident at issue began when her brother and brother-in-law were escorted out of the Dusk nightclub and into an elevator leading to the casino level of Caesar's. Am. Compl. ¶ 23 [Doc. No. 90]. Plaintiff alleges the officers and/or security guards began to "manhandle" and assault the two men in the elevator. Am. Compl. ¶¶ 25, 28. In response, plaintiff began to record the incident on her cell phone. Am. Compl. ¶ 29. Plaintiff alleges that after she exited the elevator and entered the casino level of Caesar's, Atlantic City Police Officer Sterling Wheaten assaulted her and took her cell phone to destroy evidence of the incident. Am. Compl. ¶¶ 32-39. Plaintiff's cell phone has not been recovered.

Plaintiff alleges that Wheaten handcuffed her on the floor while her breasts were exposed and stated, "now you are going to jail, you f------ b----." Am. Compl. ¶ 41. After she was escorted to the police station and processed, plaintiff alleges

2

Wheaten admitted he had "taken care of" her cell phone. Am. Compl. ¶ 43. Plaintiff alleges that even though she was suffering from injuries while incarcerated she was denied medical attention. Am. Compl. ¶ 44. Plaintiff alleges Wheaten and other Atlantic City Police Officers prepared false statements and complaints related to the incident which resulted in her being charged with several felony offenses. Am. Compl. ¶¶ 47-48. All charges against plaintiff were eventually dropped. Wheaten denies plaintiff's allegation.

On January 15, 2015, Caesar's filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. See Notice of Suggestion on Pendency of Bankruptcy [Doc. No. 110]. Pursuant to Section 362 of the Bankruptcy Code, all actions against Caesar's were automatically stayed. On January 26, 2015, the Court ordered Caesar's administratively terminated from the case without prejudice to the right of the other defendants to apply to stay the entire case. See Jan. 25, 2015 Order [Doc. No. 120].

Atlantic City requests that the entire case be stayed pending Caesar's bankruptcy because Caesar's role as a third-party defendant is "central" to the case. See Def.'s App. at 4. Plaintiff steadfastly denies that Caesar's has any material role in the case. In fact, plaintiff not only opposes Atlantic City's

3

characterization of Caesar's role in the case, but before Caesar's filed for bankruptcy plaintiff agreed to dismiss Caesar's with no objection from Dusk. Pl.'s Opp. at 1.

Discussion

1. The Automatic Stay Provision of Section 362

The parties do not dispute that the stay as to Caesar's is appropriate. The Bankruptcy Code contains a provision which imposes an automatic stay of actions by creditors following:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The automatic stay protects the debtor in several ways. It provides the debtor "a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions," thus permitting the debtor an opportunity to create a repayment or reorganization plan, and prevents "creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors." Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991).

Absent "unusual circumstances" Section 362(a)(1) stays actions against the debtor only and may not be invoked by solvent codefendants, even if they are in a similar legal or

4

factual nexus with the debtor. Travelodge Hotels, Inc. v. Patel, C.A. No. 13-3719 (WHW), 2013 WL 4537906, at *5 (D.N.J. Aug. 27, 2013) (citing McCartney v. Integra Nat. Bank N., 106 F.3d 506, 509-10 (3d Cir. 1997)); see also Mar. Elec. Co., 959 F.2d at 1205. The Third Circuit has identified two "unusual circumstances" in which automatic stays may be extended to non-debtor parties such as Atlantic City: (1) where the debtor is the real party in interest such that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor and (2) where stay protection is essential to the debtor's reorganization efforts. McCartney, 106 F.3d at 510. These two recognized exceptions accomplish the same goal as the automatic stay- protecting the debtor during pendent bankruptcy proceedings. Stanford v. Foamex L.P., C.A. No. 07-4225, 2009 WL 1033607, at *4 (E.D. Pa. Apr. 15, 2009) ("the 'unusual circumstances' exception is geared toward protecting *the debtor* during the pendency of the debtor's bankruptcy proceeding") (emphasis in original). Absent "unusual circumstances" "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Mar. Elec. Co., 959 F.2d at 1204-05.

5

Atlantic City does not argue that a stay would impact Caesar's reorganization or that Caesar's is the real party in interest. Because Atlantic City has not asserted that "unusual circumstances" exist as the term is used in the context of the bankruptcy statute, a stay is not warranted pursuant to the automatic stay provision of Section 362. See Travelodge Hotels, Inc. v. Patel, C.A. No. 13-3719 (WHW), 2013 WL 4537906, at *7 (D.N.J. Aug. 27, 2013) (denying stay application where "unusual circumstances" were not present); Kirtley v. Wadekar, C.A. No. 05-5383 (JAG), 2007 WL 1963018, at *6 (D.N.J. July 2, 2007) (same).

2. Discretionary Stay

Although the Court holds that "unusual circumstances" do not exist to warrant a stay pursuant to Section 362, that does not end the Court's analysis. Even if a stay is not required by the bankruptcy statute, the Court still has discretion to stay the case. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. May 28, 2014) (citations omitted) (quoting Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d

6

Cir. 1976)). The moving party bears the burden of demonstrating a stay is warranted. Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 424-25 (D.N.J. 2003). In determining whether to grant a stay courts consider a number of factors, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. Akishev v. Kapustin, 23 F. Supp. 3d at 446.

Although a court has the discretion to stay a case if the interests of justice require (U.S. v. Kordel, 397 U.S. 1, 12 n.27 (1970)), the stay of a civil proceeding is an extraordinary remedy. Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). When deciding whether to stay an action the court must "weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). The court should consider whether the stay would prejudice the non-moving party and if it would further the interest of judicial economy. See Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008) (Irenas, J.) (denying motion to stay, finding that plaintiff would be prejudiced); see also Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D.

7

453, 457 (D.N.J. 2007) (denying motion for a stay of discovery, finding that non-moving party would be prejudiced). As noted, the burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward[.]" Landis, 299 U.S. at 255. The moving party "must state a clear countervailing interest to abridge a party's right to litigate." CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc., 381 F.3d 131, 140 (3d Cir. 2004) (denying stay and finding no hardship where moving party argued it would be forced to defend itself twice). After weighing the parties' competing interests, the Court finds that all relevant factors weigh in favor of denying Atlantic City's request for a stay.

With respect to the first factor to consider, whether plaintiff will be prejudiced by a stay, it is clear to the Court that a stay would unduly prejudice and disadvantage plaintiff. If a stay is granted plaintiff's efforts to promptly and efficiently prosecute her case would be hampered. There is no question that a stay would substantially delay plaintiff's efforts to "diligently proceed to sustain [her] claim." Forrest v. Corzine, 757 F. Supp. 2d 473, 479 (D.N.J. 2010) (citation omitted). This substantially prejudices plaintiff. Golden Quality Ice Cream Co., 87 F.R.D. at 56 ("Any plaintiff in the federal courts enjoys the right to pursue his [or her] case and to vindicate his [or her] claim expeditiously."); accord Gold v.

8

Johns-Manville Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) (denying request for a stay even though the main defendant filed for bankruptcy and stating, "[i]n these cases, the clear damage to the plaintiffs is the hardship of being forced to wait for an indefinite and, if recent experience is any guide, a lengthy time before their causes are heard.").

Further, plaintiff is pursuing a civil rights action which implicates numerous witnesses and a substantial number of relevant documents. Plaintiff will be prejudiced by a stay because the passage of time creates a risk that relevant witnesses will scatter or disappear. In addition, discovery has revealed that most if not all of Atlantic City's relevant documents, including its internal affairs files, are not computerized. Atlantic City's documents, therefore, are at risk of being lost or misplaced.[1] Plaintiff is prejudiced because any significant delay in the case could hinder her ability to prove her claims. See Clinton, 520 U.S. at 707-08 ("delaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party"); New York v. Hill, 528 U.S. 110, 117 (2000) ("Delay can lead to a less accurate outcome as witnesses became unavailable and memories

---

[1] To be sure, the Court makes it clear that no evidence exists that Atlantic City has or will purposely mislay any documents. However, the fact that only physical copies exist creates a risk of inadvertent loss or destruction.

9

fade."); Worldcom Techs., Inc. v. Intelnet Int'l, Inc., C.A. No. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted); In re Health Mgmt., Inc., C.A. No. 96-0889, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999) ("The ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired.") (citation omitted). Thus, the first relevant factor to consider weighs in favor of denying Atlantic City's request for a stay.

It does not go unnoticed that Atlantic City provides no factual support for its main argument for why the case should be stayed. Atlantic City argues:

> If Caesar's indeed failed to preserve any video with some notice of the claim, or was otherwise responsible for the cell phone not being recovered if left on Caesar's premises, then Caesar's would have third party liability relating to the claim for spoliation of evidence, which may very well be the most potentially valuable claim in the case with the most potential for a big verdict.

Def.'s App. at 3. This argument is based on conjecture and speculation. Although discovery is not complete, substantial discovery has been taken in the case. Despite this discovery, Atlantic City has not cited any evidence that Caesar's is

10

responsible for plaintiff's lost phone. Plaintiff will be substantially prejudiced if the case grinds to a halt based on an argument for which no factual support presently exists.

With respect to the second factor, Atlantic City has not demonstrated that denying its request for a stay would create "clear hardship" or "inequity." Landis, 299 U.S. at 255 (absent a "clear case of hardship or inequity," a stay may not be issued if there is "even a fair possibility" that a stay would work damage on another party); Akishev, 23 F. Supp. 3d at 447 (citing Actelion Pharm. Ltd. v. Apotex Inc., C.A. No. 12-5743 (NLH/AMD), 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013)). Atlantic City argues it would suffer a hardship if its cross-claim against Caesar's is held in abeyance. Def.'s App. at 5. The Court disagrees. Every fact and legal defense available to Atlantic City may still be asserted whether or not Caesar's is present at trial. Despite Caesar's bankruptcy Atlantic City may still argue, assuming supporting facts exist, that Caesar's is responsible for plaintiff's lost phone.

Atlantic City argues that pursuing its cross-claim separately would be inefficient and may require duplicative discovery. Id. at 6. The fact that Atlantic City may have to pursue its cross-claim in a separate action in the future does not warrant a stay of the entire case. Considering similar arguments regarding the potential result of duplicative

11

litigation, the Sixth Circuit observed that "duplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned." Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1199 (6th Cir. 1983); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004) (denying stay and finding no hardship where moving party argued it would have to defend itself twice).

It is not insignificant that the public has a strong interest in not staying the case. Anthony v. City of Philadelphia, C.A. No. 00-5905, 2001 WL 118964, at *2 (E.D. Pa. Feb. 9, 2001) ("the public has an equally strong interest in deterring abuses of civil rights through civil litigation") (citing Owen v. City of Independence, Mo., 445 U.S. 622, 651, (1980)). The public has a paramount interest in assuring that its citizens' constitutional rights are protected. If abuses exist, Atlantic City and its officers should be held accountable. If Atlantic City and its police officers acted appropriately, the public should know this as well. These answers cannot be known unless discovery continues and the jury hears and evaluates all relevant evidence. Plaintiff's interest in having the jury promptly hear her case substantially outweighs Atlantic City's right to pursue a cross-claim that at

present has no factual support. See Young Jewish Leadership Concepts v. 939 HKH Corp., C.A. No. 93-2643, 1994 WL 583260, at *3 (E.D. Pa. Oct. 24, 1994) (denying defendant's request for a stay and holding that a bankrupt co-defendant is not indispensable simply because it might be jointly liable on a prospective judgment in the plaintiff's favor).

    Atlantic City overstates the relative importance of the alleged spoliation of plaintiff's phone. Important? Yes. Dispositive? No. Central? Absolutely not. This case is about the alleged unconstitutional actions of the Atlantic City Police Department and its police officers. The crux of the case involves allegations regarding plaintiff's alleged unconstitutional arrest and prosecution, the use of excessive force, and Atlantic City's alleged sham internal affairs process that allowed and acquiesced in the habitual use of excessive force and the filing of false or trumped up charges. The "cell phone issue" in the case is not determinative on these issues. Atlantic City argues the "cell phone issue" may "inflame" the jury. Def.'s App. at 3. Aside from this being pure conjecture, Atlantic City misses the mark. The trial will focus on excessive force and false arrest issues. If anything has the potential to incite the jury, it is the allegations in plaintiff's complaint if proven true, not just the cell phone issue. Thus, because Atlantic City has failed to state "a clear countervailing

interest to abridge a party's right to litigate," the second factor weighs in favor of denial of Atlantic City's request. CTF Hotel Holdings, 381 F.3d at 139.

With respect to the third factor, Atlantic City has not shown how a stay would "simplify the issues and the trial of the case." Id. (citing Actelion, 2013 WL 5524078, at *5). This argument is based on Atlantic City's contention that Caesar's role as a third-party defendant is "central" to the case. See Def.'s App. at 4. Atlantic City is badly mistaken. The only connection Caesar's has to the case is the theory proffered by Atlantic City that Caesar's video of plaintiff's arrest is lost or that Caesar's recovered plaintiff's cell phone and failed to produce it. Def.'s App. at 3. Even if Atlantic City is correct, its supposition has no connection to the crux of the case. Plaintiff alleges that Atlantic City and its officers violated her constitutional rights by assaulting her, maliciously prosecuting her, and using excessive force against her. Whether Caesar's is responsible for the spoliation of plaintiff's cell phone, a contention that is far-fetched based on currently available evidence, does not materially impact these issues. Akishev, 23 F. Supp. 3d at 446. Thus, the third factor weighs in favor of denial of Atlantic City's request.

The final factor, which considers the status of the case, also weighs in favor of denial of a stay. To date the parties

14

have engaged in substantial discovery and there is "light at the end of the tunnel." Moreover, the parties have already engaged in substantial motion practice that has delayed the case. There is no justifiable reason to stay the case for an indefinite time while the Caesar's bankruptcy sorts itself out. This is especially true when Atlantic City's cross-claim against Caesar's is easily severed from the case with no material prejudice to Atlantic City.

In support of its position that the entire case should be stayed Atlantic City primarily relies on the decision in Morgenstern v. Fox Television Stations of Philadelphia, C.A. No. 08-0562, 2010 WL 678113, at *1 (E.D. Pa. Feb. 23, 2010) which involved a private defamation action. After the newspaper defendant filed for bankruptcy the court had to decide whether the entire case should be stayed. In reaching its decision the court relied upon a five factor test derived from the criminal context. See id. at *2 (citing Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc. et al., 87 F.R.D. 53 (E.D. Pa. 1980)). Although the relevant factors Morgenstern analyzed are essentially the same as what this Court examined, the case is plainly distinguishable.[2] The ruling in Morgenstern was almost

---

[2] The five factors are: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the

entirely based on the fact that the parties could not conduct needed depositions of party defendants and key witnesses while the debtor co-defendant was engaged in bankruptcy proceedings. Because of this the plaintiff conceded the case was at a "standstill". Morgenstern, 2010 WL 678113, at *2. Due to this fact, the court found that the defendants would be prejudiced and would suffer duplicative expenses by having to re-depose witnesses after the automatic bankruptcy stay was lifted. The court also considered the fact that the cross-claims against the debtor co-defendant would have to be stayed. While it is true that Atlantic City may have to pursue its cross-claims against Caesar's at a later time, this case is not at a "standstill." Substantial discovery has taken place and will continue. Atlantic City has not argued that any of its discovery efforts will be thwarted if the case is not stayed. Nor has Atlantic City identified any key witness who has not already been deposed or whose deposition cannot be easily taken. Further, the Morgenstern decision accorded little weight to the public's interest in the parties' private dispute. Id. at *4. For the reasons already discussed, the public has a significant interest in the outcome of this civil rights action.

---

convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Morgenstern, 2010 WL 678113, at *2.

In denying Atlantic City's stay request the Court is mindful that the interests of justice and the efficient management of the Court's docket favor denying Atlantic City's application. The Court has an interest in efficiently moving its docket, especially in cases where allegations are made of serious civil rights violations. Further, plaintiff has a right to proceed without inordinate delay to the resolution of her civil rights claims. See Worldcom Technologies, 2002 WL 1971256, at *6 ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted).

Not too long ago the Court had occasion to decide whether another civil rights case should be stayed. See Forrest v. Corzine, supra. In that case the plaintiffs sued rogue police officers employed by the City of Camden. Camden argued the case should be stayed until the completion of the police officers' criminal trial. The Court's reasoning for denying a stay in Forrest is applicable here:

> The interests of justice demand that the case be managed to protect all parties' rights and to assure a reasonably prompt resolution. Plaintiff argues that his civil rights were violated by rogue former Camden police officers . . . . Plaintiff is entitled to find out what happened to him and why. In the absence of good cause or material prejudice to a party, plaintiff is entitled to his discovery sooner rather than later

17

> . . . . The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." <u>Landis</u>, 299 U.S. at 254. Camden has not satisfied this burden.

757 F. Supp. 2d at 478 (footnote omitted). Therefore, for the reasons set forth above, the Court finds that a discretionary stay of the entire case is inappropriate. Atlantic City's stay request is denied.[3]

<u>Conclusion</u>

The automatic stay provision under § 362(a)(1) applies only to debtors. It is only in "unusual circumstances" that courts may extend the stay to solvent codefendants. The Court finds that none of Atlantic City's arguments present "unusual circumstances" warranting a stay. Atlantic City does not allege that it is necessary to Caesar's reorganization efforts or that Caesar's is the "real party in interest" as to plaintiff's claims against it. Further, the Court declines to exercise its discretion to impose a stay after balancing the interests of the

---

[3] The Court emphasizes that it expresses no opinion and does not address the merits of plaintiff's claims. That issue is not before the Court.

parties.

**ORDER**

Accordingly, and for all the foregoing reasons,

IT IS HEREBY ORDERED this 17th day of February, 2015, that Atlantic's City's request [Doc. No. 121] to stay the entire case until the resolution of Caesar's bankruptcy is DENIED.

<pre>
                          /s/ Joel Schneider
                          JOEL SCHNEIDER
                          United States Magistrate Judge
</pre>