NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Janine COSTANTINO, | |
| Plaintiff, | Civil No. 13-6667 (RBK/JS) |
| v. | |
| CITY OF ATLANTIC CITY, *et al.*, | **OPINION** |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff's Motion for Entry of Judgment against Defendants Joseph Garofalo, Ron Anisette, Joshua Godfrey, Dusk Night Club, and AC Nightlife (the "Dusk Defendants"). (ECF No. 284.) Defendant Dusk Night Club has failed to pay $5,500 to Plaintiff in accordance with a settlement reached before this Court on January 27, 2017. It argues that this Court has no jurisdiction to enforce the settlement and that Plaintiff must litigate this matter in state court. In the alternative, Defendant argues that Plaintiff's motion is too expansive and seeks an entry of judgment against Defendants when only Dusk Night Club was subject to the settlement. We find that we have jurisdiction but that only Dusk Night Club must pay the sum in arrears. Plaintiff's motion is therefore **GRANTED IN PART** and **DENIED IN PART**.

I.   THE FACTS

On January 27, 2017, this Court heard the terms of a settlement agreement between the City of Atlantic City, Dusk Night Club, and Plaintiff Janine Costantino. Plaintiff Janine Costantino was represented at the hearing by Jennifer Ann Bonjean, Esq.; the City of Atlantic City was

represented by Todd J. Gelfand, Esq., and Michael E. Riley, Esq.; and Dusk Night Club was represented by John Anthony Underwood, Esq.

> THE COURT: It's up to you. Okay. I understand that we have a settlement. The terms of the settlement are the City of Atlantic City will pay the sum of $375,000. Dusk Night Club, the sum of $10,000 on a payment plan, March 1st a thousand dollars, April 1st a thousand dollars, May 1st a thousand dollars, June 1st, a thousand dollars, July 1st, $2000, September 1st, $2000.
>
> The parties also agree that if Dusk fails to make a payment within ten days of the first of the month, plaintiff's counsel can make a letter application to the court for Entry of Judgment. And also Mr. Sterling Wheaton the defendant has agreed not to seek or accept any special duty assignments for a period of five years. Is that correct? Is that your understanding, Miss Bonjean?
>
> MS. BONJEAN: It is our understanding, Your Honor.
>
> THE COURT: Mr. Gelfand?
>
> MR. GELFAND: Yes. And just to add, I'm sure it's understood, but that includes all claims for counsel fees, costs, et cetera within that settlement, yes.
>
> THE COURT: Mr. Riley?
>
> MR. RILEY: Yes, sir.
>
> MR. UNDERSTOOD [sic]: Yes, Your Honor. Thank you for your assistance in this case. We all appreciate it.

(Tr. 3:15-4:11, ECF No. 280.)

The Court also counseled that the parties should submit an order on the payment plan setting forth Plaintiff's ability to seek a judgment within ten days of failure to make a payment. (Tr. 4:16-21.)

2

That same day, this Court entered an order administratively terminating this action. (ECF No. 279.) The Court specifically noted that the order "shall not constitute a dismissal order under the Federal Rules of Civil Procedure." (*Id.*) The Court also ordered that within 60 days after entry of the order, "the parties shall file all papers necessary to dismiss the action under Federal Rule of Civil Procedure 41 or, if settlement cannot be consummated, request that the action be reopened." (*Id.*) Finally, the Court also ordered that, "absent receipt from the parties of dismissal papers or a request to reopen the action within the 60-day period, the Court shall dismiss the action, without further notice, with prejudice and without costs." (*Id.*) Neither dismissal papers nor a request to reopen this action were ever submitted to this Court.

On March 9, 2017, the settlement was memorialized in a formal agreement (the "Agreement") executed by all parties. (*See* Negotiated Settlement Agreement and General Release, ECF No. 284-2.) As relevant, the Agreement provides for the same terms set forth on the record before the Court:

**Dusk Night Club**:

i. Dusk Night Club shall pay to the Releaser [Plaintiff] the amount of $1,000.00 (One Thousand Dollars) each month for four (4) months beginning March 1, 2017.

ii. Dusk Night Club shall pay to the Releaser the amount of $2,000.00 (Two Thousand Dollars) each month for a period of three (3) months beginning June 1, 2017.

iii. Each monthly payment shall be paid in the form of a check made payable to <u>Bonjean Law Group</u>, Releaser's Attorney.

(*Id.* at 7-8.)

As per the Agreement, Dusk Night Club paid $1,000 to Plaintiff in March, April, May, and June of 2017. (Pl. Br. at 7.) However, Dusk Night Club did not pay the $2,000 owed for the month of July. (*Id.* at 8.) Instead, Plaintiff received $500 on July 24, 2017, and was told by Dusk Night

Club that it would not pay the remaining $5,500. (*Id.* at 8.) Indeed, Plaintiff was apparently told by counsel to Dusk Night Club that this Court no longer had jurisdiction over this matter and Plaintiff had no remedies available to enforce this judgment in federal court. (*Id.* at 11.) Plaintiff subsequently filed this motion to enter judgment against all of the Dusk Defendants.

## II.  JURISDICTION

The parties dispute whether this Court dismissed this case and thereby declined to retain jurisdiction. Resolution of this jurisdictional dispute turns on the existence, or non-existence, of a dismissal order.

A federal district court has no jurisdiction after dismissal with prejudice. *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 380 (1994) (holding that federal district court lacks jurisdiction to enforce terms of settlement agreement after underlying action has been dismissed unless court specifically retains jurisdiction to do so); *see also Shaffer v. GTE North, Inc.*, 284 F.3d 500, 504 (3d Cir. 2002); *Phar–Mor Secs. Litig.*, 172 F.3d 270, 274-75 (3d Cir. 1999). If dismissed, a district court only has the power to enforce a settlement after dismissal in two situations: either with a provision "retaining jurisdiction," or by incorporating the terms of a settlement agreement in an order. *Shaffer*, 284 F.3d at 503 (citing *Kokkonen*, 511 U.S. at 381).

Defendant argues that this Court's 60-day order administratively terminating this case functions as an order of dismissal, pointing to the following language:

> [A]bsent receipt from the parties of dismissal papers or a request to reopen the action within the 60-day period, the Court shall dismiss this action, without further notice, with prejudice and without costs.

(ECF No. 279.) Despite the Court's advice, the parties did not submit dismissal papers, nor did they request to re-open within the 60-day period. Because those conditions were not met, Defendant argues the administrative order converted into a dismissal with prejudice *even though*

4

the Court never actually entered such an order. Defendant also appears to blame the Court for failing to enter such an order after the 60th day of the period, arguing that the order "fell through the cracks" as an "inadvertent omission of staff." Defendant seems to intimate that its "over-reliance" on the 60-day order should be construed as what may be termed a "constructive dismissal" and it should therefore prevail in its attempt to force Plaintiff into more litigation in state court over the settlement. Indeed, Defendant characterizes the parties' failure to take any action after administrative dismissal as "consent" to an order of dismissal and "what should have been done"—the entering of an order of dismissal—"should be treated as having been done." (Def. Br. at 2.)

The Court's 60-day order said no such thing. And it cannot be interpreted as such. Rather, the Court ordered that if the conditions were not met, "the Court shall dismiss this action," leaving the date of prospective dismissal unmentioned. The order does not set forth a condition that, once met, converts the order into an order of dismissal on a specific date. Unsurprisingly, the Court did not enter such an order, given the pendency of a settlement structured as an installment plan.

Review of the order spells this out explicitly, which states it "shall not constitute a dismissal order." Defendant would nonetheless have it constitute a dismissal order, or else have it give rise to a dismissal order that was never entered but somehow still exists in some sort of metaphysical docket, out there in the nether. Defendant's argument is paradoxical: an order that states it does "not constitute a dismissal order" cannot also constitute a dismissal order. It is also fanciful, and we decline to adopt Defendant's proposed theory of spectral judgments. A hard-and-fast rule for judgments is that a case is dismissed when the Court enters an order dismissing the case—not when a party tortures an administrative termination into an inference of dismissal. *Cf.* Restatement

5

(Second) of Judgments § 13 (1982) ("The rules of res judicata are applicable *only when a final judgment is rendered*.") (emphasis added).

The local rules are quite clear on this matter. Under Local Civil Rule 41.1, "an administrative termination shall not operate as a dismissal order." Administrative termination under the rule "permits reinstatement and contemplates the possibility of future proceedings." *Delgrosso v. Spang & Co.*, 90 F.2d 234, 236 (3d Cir. 1990). It "is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy." *Wilson v. Borough of Red Bank*, 2007 WL 2021783, at *2 (D.N.J. July 9, 2007). It does not "restrict or modify the court's authority in any way" and Rule 41.1 "merely supplements Federal Rule of Civil Procedure 41(a), *inter alia*, to create a procedure for attorneys to notify the court when a case settles 'as soon as possible so that the Court will not waste further effort on the case and so that it can readjust its calendar.'" *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 295 (3d Cir. 2016) (citing Allyn Z. Lite, N.J. Federal Practice Rules, Rule 41.1(b), cmt. 3 (2015)).

Here, the Court issued the order to put the parties on notice that, at its discretion, it could close out the case and later enter judgment. *See Raab*, 833 F.3d at 295 (citing *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 381 (D.N.J. 2011) ("to retain ancillary jurisdiction over the settlement agreement is discretionary")). The Court exercised that discretion here and retained jurisdiction. We also note that the Court certainly did not administratively terminate the case so as to create a game of brinksmanship under which one party may prolong or possibly cease payment of a bargained-for settlement by forcing its opponent into further litigation.

### III.  MOTION FOR ENTRY OF JUDGMENT

We turn now to Plaintiff's motion for entry of judgment, which we construe both as a request to re-open this case and as a request to enforce the settlement.

Under New Jersey law, a settlement agreement constitutes a form of contract, and courts accordingly turn to "the general rules of contract law" in evaluating the construction and enforcement of such agreements. *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006); *see also Alexander v. N.J. Dep't of Transp.*, 2013 WL 5180677, at *4 (D.N.J. Sept. 13, 2013) ("State law governs the enforcement of settlement agreements in federal court.") (citations omitted). In considering enforcement, courts "should honor and enforce" a "freely entered" agreement to settle a lawsuit, "absent a demonstration of fraud or other compelling circumstances." *Shernoff v. Hewlett–Packard Co.*, 2006 WL 3497798, at *2 (D.N.J. Dec. 4, 2006) (citing *Borough of Haledon v. Borough of North Haledon*, 358 N.J. Super. 289 (N.J. Super. Ct. App. Div. 2003)), *aff'd*, 302 F. App'x 83 (3d Cir. 2008). The parties do not dispute the validity of the settlement, nor do they dispute that Dusk Night Club has failed to pay Plaintiff per the terms of the settlement. As this Court specifically contemplated Plaintiff being able to file an application for entry of judgment in case of default, entry of judgment is eminently appropriate here.

However, Plaintiff's motion for entry of judgment is addressed toward *all* of the Dusk Defendants, not just Dusk Night Club. That is too expansive. The record makes no mention of the other Dusk Defendants paying the $10,000 contemplated by the settlement. Only Dusk Night Club and the City of Atlantic City were identified as Defendants who would pay money to Plaintiff. Furthermore, the parties specifically identified another individual defendant, Sterling Wheaten, as subject to specific terms in the settlement, cutting against any argument that "Dusk Night Club" contains within its penumbra the other Dusk Defendants. Had the parties agreed to such, they could have identified and bound all of the Dusk Defendants to the settlement. But they did not. And the settlement subsequently drafted and signed by the parties set forth the same terms. We will enforce

those terms, and not a *post hoc* understanding of those terms. Judgment will be entered against Dusk Night Club, and only Dusk Night Club.

## IV. CONCLUSION

For the reasons above, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. An order follows.

Dated: April 6, 2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge